UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SUTTONGATE PROPERTIES LIMITED,           :
                                         :
                Plaintiff,               :
                                         :   ORDER
     -against-                           :   09-CV-1629 (RRM)
                                         :
ISMAH OBADIA and OCEANSIDE               :
HOLDINGS, LLC,                           :
                                         :
                Defendants.              :
-------------------------------------------------------------x
GOLD, STEVEN M., U.S.M.J.:

By Order dated March 24, 2010, the Honorable Roslynn R. Mauskopf referred plaintiff's motion for default judgment to me for a report and recommendation on what relief, if any, should be awarded to plaintiff. The court will consider all previous submissions in determining an award, but the court seeks additional information from plaintiff before rendering a report.

As a threshold matter, plaintiff shall explain the basis for personal jurisdiction over defendant Oceanside Holdings, a Delaware limited liability company, because "'a default judgment against a party over whom a court lacks personal jurisdiction is void.'" *Jang v. Lee*, 2005 WL 525527, at *5 (E.D.N.Y. Feb. 22, 2005) (quoting *Domond v. Great Am. Recreation, Inc.*, 116 F. Supp. 2d 368, 375 (E.D.N.Y. 2000)); *see also Shaoulian-Tehrani v. Khatami*, 2008 WL 708252, at *3 (S.D.N.Y. Mar. 17, 2008) (denying plaintiff's motion for default judgment because it concluded that the court lacked personal jurisdiction over defendant). Plaintiff's sole basis for jurisdiction over Oceanside appears to be its conclusory allegation that Obadia managed Oceanside from his Brooklyn office. Compl. ¶ 5. It is not clear, however, what, if any, transactions by Oceanside occurred in this district to establish jurisdiction over it here.

Second, although the well-pleaded factual allegations in the complaint are deemed admitted and may establish defendants' liability, *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981), the court requests that plaintiff explain the basis for defendants' liability on each claim with particularity. Even after a defendant has defaulted, "[a] plaintiff must . . . establish that on the law it is entitled to the relief it seeks, given the facts as established by the default." *U.S. v. Ponte*, 246 F. Supp. 2d 74, 76 (D. Me. 2003) (citation omitted). *See also Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). In other words, plaintiff must establish that the facts alleged in the complaint assert a valid cause of action. More specifically, plaintiff shall discuss the necessary elements to establish each of the claims it is pressing in its motion for default judgment, and identify the factual allegations in the complaint that support each cause of action. In addition, plaintiff shall explain the basis for holding Obadia individually liable and for holding the defendants jointly or jointly and severally liable on the claims.

To assist plaintiff in preparing its submission, I note two specific concerns with plaintiff's complaint. Plaintiff's first cause of action is for "misrepresentation," but it is not clear if plaintiff is alleging a claim of negligent, intentional, or fraudulent misrepresentation. Plaintiff's second cause of action is for breach of contract. The complaint, however, fails to allege or establish that the parties had a written contract and thus the Statute of Frauds might be implicated and might bar this claim. *See* N.Y. GEN. OBLIG. LAW § 5-701.

Finally, if plaintiff seeks an award of attorney's fees, it shall explain the legal basis for such an award and shall submit contemporaneous time records in compliance with *New York State Association for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).

Plaintiff shall make its supplemental submission in support of its motion for default judgment no later than April 16, 2010. Any submission that defendants wish to make in response

2

is due no later than April 30, 2010.   Any reply that plaintiff wishes to make should be filed no later than May 7, 2010.

Upon receipt of this Order, plaintiff is hereby directed promptly to serve a copy of this Order, certified mail, return receipt requested, on defendants at their last known addresses, and to provide the court with a copy of the return receipt.

Dated:       Brooklyn, New York
             March 29, 2010

_____s/_____
STEVEN M. GOLD
United States Magistrate Judge

*U:\eoc 2010\damages inquests\suttongate.docx*